IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01342-BNB

JOHN MOORE,

    Plaintiff,

v.

DELTA COUNTY HOSPITAL,
STEVE PADUA,
SAM JAHANI, M.D.,
TOM MINGEN, Administrator,
THE BOARD OF DIRECTORS,
BILL HELLMAN,
JOHN MUSSER,
JOHN BREITNAUER,
THEIMA STARNER,
DORY FUNK,
COPIC INSURANCE COMPANY, and
DELTA COUNTY POLICE DEPARTMENT,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 2 3 2010

GREGORY C. LANGHAM
CLERK

## ORDER DISMISSING CASE AND IMPOSING SANCTIONS

Plaintiff, John Moore, attempted to initiate this action by submitting to the Court *pro se* a motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915 and an incomplete complaint. As part of the Court's review pursuant to D.C.COLO.LCivR 8.1, the Court determined that the submitted documents were deficient. Therefore, on June 10, 2010, Magistrate Judge Boyd N. Boland directed the clerk of the Court to commence a civil action and directed Mr. Moore to cure certain deficiencies in the case if he wished to pursue his claims.

Magistrate Judge Boland specifically directed Mr. Moore to file a complete

complaint with an original signature. He also ordered Mr. Moore to show cause why filing restrictions should not be imposed against him for his repetitive and abusive filings. Since the June 10 order, Mr. Moore has submitted various documents, including an amended complaint submitted on June 11, 2010 (document no. 6), and what appear to be amendments to the June 11 amended complaint that he submitted on July 12, 2010 (document no. 30), and July 14, 2010 (document no. 31). Therefore, the caption to this order includes all Defendants named in the amended complaint and the amendments to the amended complaint. In the June 11 amended complaint, which includes an original signature, Mr. Moore makes the following allegations:

> My mom past [sic] away in Dec. 28 2008 civil right was violated this is criminal negligence homicide and medical-male malprictice [sic] and civil rights issued. S

Amended complaint (document no. 6) at 1.

The July 12 and 14 one-page amendments to the amended complaint sue only the Delta County Police Department, are identical, and state:

> On Dec 28 2008 my mom past [sic] away I cald [sic] the police to do someing [sic] about it and thay [sic] told me there was nothing thay [sic] can do about it, Me and my dad saw my mom murder and this day thay [sic] well [sic] not look in to it

Amendments to the amended complaint (document nos. 30 and 31) at 1.

The Court must construe Mr. Moore's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated

below, the amended complaint and the amendments will be dismissed and filing restrictions imposed against Mr. Moore for his repetitive and abusive filings.

Although the amended complaint and the amendments Mr. Moore filed in the instant action generally are vague, it is clear that Mr. Moore once again complains about the allegedly wrongful death of his mother, Dorothy Moore, as he has in each of the cases he initiated in this Court. "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

It also is clear that the amended complaint, which fails either (1) to assert the basis for the Court's jurisdiction, (2) provide a short and plain statement of Mr. Moore's claims, or (3) request any relief, fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and that nothing will be gained by giving Mr. Moore a chance to file an amended complaint that complies with Fed. R. Civ. P. 8. He has been given such an opportunity in at least two previous cases, and was unable to comply. *See Moore v. Jahani*, No. 10-cv-00425-ZLW (D. Colo. Apr. 20, 2010); *Moore v. State of Colorado*, No. 10-cv-00426-ZLW (D. Colo. Apr. 22, 2010). Therefore, the amended complaint and its amendments will be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to comply with Fed. R. Civ. P. 8. Rule 41(b) specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the text of Rule 41(b) requires

a defendant's motion to dismiss, "the Rule has long been interpreted to permit courts [as here] to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

The Court has drawn from previous dismissal orders in Mr. Moore's cases for the factual summary and legal analysis below. This is one of sixteen civil actions Mr. Moore has initiated in this Court since February 2010 concerning his mother's death.

    1.     *Moore v. Jahani*, No. 10-cv-00425-ZLW (D. Colo. Apr. 20, 2010) (dismissed without prejudice for Plaintiff's failure to file an amended complaint that complied with the pleading requirements of Fed. R. Civ. P. 8 and for his failure to show cause why he should not be sanctioned by the dismissal of the instant lawsuit for his deceit in creating a fictitious court order, affixing a judge's signature to it, and tendering it to the Court), *appeal filed*, No. 10-1213 (10th Cir. May 11, 2010).

    2.     *Moore v. State of Colorado*, No. 10-cv-00426-ZLW (D. Colo. Apr. 22, 2010) (dismissed for failure to comply with the pleading requirements of Fed. R. Civ. P. 8), *appeal filed*, No. 10-1204 (10th Cir. May 10, 2010).

    3.     *Moore v. Cedaredge Mercantile*, No. 10-cv-00427-ZLW (D. Colo. Mar. 4, 2010) (voluntary dismissal).

    4.     *Moore v. Jahani*, No. 10-cv-00428-ZLW (D. Colo. Mar. 12, 2010) (summarily remanded to state court), *appeal dismissed for lack of jurisdiction*, No. 10-1207 (10th Cir. May 26, 2010).

    5.     *Moore v. Glaxco Smithkline*, No. 10-cv-00429-ZLW (D. Colo. Mar. 25, 2010) (summarily remanded to state court), *appeal filed*, No. 10-1237 (10th Cir. June 1, 2010).

    6.     *Moore v. Donar Alliance*, No. 10-cv-00520-ZLW (D. Colo. Mar. 22, 2010) (summarily remanded to state court).

    7.     *Moore v. Glaxco Smithkline*, No. 10-cv-00759-ZLW (D. Colo. May 10, 2010) (dismissed without prejudice for failure to cure and for failure to prosecute).

8.  *Moore v. State Dep't of Human Servs.*, No. 10-cv-01017-ZLW (D. Colo. May 17, 2010 (voluntary dismissal).

9.  *Moore v. Delta County Hospital*, 10-cv-01018-ZLW (D. Colo. May 18, 2010) (voluntary dismissal), *appeal filed*, No. 10-1222 (10th Cir. May 21, 2010).

10. *Moore v. Department of Health & Human Servs.*, No. 10-cv-01083-ZLW (D. Colo. June 15, 2010) (dismissed without prejudice for failure to cure).

11. *Moore v. Purdue*, No. 10-cv-01084-ZLW (D. Colo. June 22, 2010) (dismissed without prejudice for failure to cure).

12. *Moore v. Teva Specialty Pharmaceuticals L.L.C.*, No. 10-cv-01100-ZLW (D. Colo. June 22, 2010) (dismissed without prejudice for failure to cure and for failure to prosecute).

13. *Moore v. Delta County Police Dep't*, No. 10-cv-01288-ZLW (D. Colo. July 9, 2010) (dismissed without prejudice for failure to cure).

14. *Moore v. State of Colorado Dep't of Health & Human Servs.*, No. 10-cv-01341-BNB (D. Colo. filed June 10, 2010) (pending).

15. *Moore v. Delta County Hospital*, No. 10-cv-01342-BNB (D. Colo. filed June 10, 2010) (pending).

16. *Moore v. Delta County District Attorney Office*, No. 10-cv-01343-BNB (D. Colo. filed June 10, 2010) (pending).

In two of these actions, Mr. Moore failed to cure the designated deficiencies and failed to prosecute. *See* Nos. 10-cv-00759-ZLW and 10-cv-01100-ZLW. Three actions have been dismissed for failure to cure. *See* Nos. 10-cv-01083-ZLW, 10-cv-01084-ZLW, and 10-cv-01288-ZLW. Three actions have been summarily remanded for Mr. Moore's failed attempts, as a Plaintiff, to remove them from state court. *See* Nos. 10-cv-00428-ZLW, 10-cv-00429-ZLW, and 10-cv-00520-ZLW. As stated previously, in two actions, he has been unable to file a complaint that complies with the pleading requirements of Fed. R. Civ. P. 8. *See* No.10-cv-00425-ZLW and 10-cv-00426-ZLW.

One of those actions also was dismissed for his deceit in creating a fictitious court order, affixing a judge's signature to it, and tendering it to the Court. *See* No. 10-cv-00425-ZLW. He voluntarily dismissed three cases, *see* Nos. 10-cv-00427-ZLW, 10-cv-01017-ZLW, and 10-cv-01018-ZLW, and then appealed from the voluntary dismissal in one of them. *See* No. 10-cv-01018-ZLW. His three pending actions have deficient complaints he has been ordered to cure. *See* Nos. 10-cv-01341-BNB, 10-cv-01342-BNB, and 10-cv-01343-BNB.

Despite the Court's repeated efforts to allow Mr. Moore to cure deficiencies and defects in his filings, he is unable to represent himself properly. Although the Court is sympathetic about the death of Mr. Moore's mother, the Court will not tolerate abusive litigation practices, even by a *pro se* litigant. Mr. Moore was warned in Nos. 10-cv-00425-ZLW and 10-cv-00426, and again in the instant action, that the Court has the power to enjoin litigants who abuse the judicial system. *See Tripati v. Beaman*, 878 F.2d 351 (10th Cir. 1989) (per curiam).

"[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Id.* at 353 (citation omitted). "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 U.S. 1070, 1077 (10th Cir. 2007). Specifically,

> [I]njunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant

receives notice and an opportunity to oppose the court's order before it is implemented.

*Id.*

Sanctions may be imposed under Fed. R. Civ. P. 11(c), even against a *pro se* plaintiff, if a pleading or other paper lacks "claims, defenses, and other legal contentions . . . warranted by existing law" and the "factual contentions" lack "evidentiary support." *See* Fed. R. Civ. P. 11(b) (imposing same standard on both attorneys and "unrepresented part[ies])." In order to comply with Rule 11 and avoid sanctions thereunder, a *pro se* party's actions must be objectively reasonable. *White v. Gen. Motors Corp.*, 908 F.2d 675, 683 (10th Cir. 1990). A pattern of groundless and vexatious litigation will justify an order enjoining a litigant from filing any claims without first seeking prior leave of court. *See Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992); *Winslow v. Romer*, 759 F. Supp. 670, 677-78 (D. Colo. 1991); *Colorado ex rel. Colo. Judicial Dep't v. Fleming*, 726 F. Supp. 1216, 1221 (D. Colo. 1989). A plaintiff has the right to notice and to oppose, in writing, the imposition of future restrictions. *See Tripati*, 878 F.2d at 354.

Therefore, on June 10, in an effort to give Mr. Moore his opportunity to oppose the imposition of filing restrictions before they were implemented, Magistrate Judge Boland ordered him to show cause within thirty days (regardless of whether he cured the designated deficiencies) why filing restrictions should not be imposed against him for his repetitive and abusive filings. He failed to respond to the June 10 show-cause order.

The Court finds that Mr. Moore's abusive history of filing actions justifies the

7

imposition of filing restrictions. The Court will prohibit Mr. Moore from filing new actions in the United States District Court for the District of Colorado without the representation of a licensed attorney admitted to practice in the United States District Court for the District of Colorado unless he obtains permission to proceed *pro se*. In order to obtain permission to proceed *pro se*, Mr. Moore must take the following steps:

1. File with the Clerk of this Court a motion requesting leave to file a *pro se* action.

2. Include in the motion requesting leave to file a *pro se* action the following information:

   A. A list of all lawsuits currently pending or filed previously in the District of Colorado, including the name, number, and citation, if applicable, of each case, and the current status or disposition of each case; and

   B. A statement of the legal issues to be raised in the proposed new pleading and whether he has raised the same issues in other proceedings in the District of Colorado. If so, he must cite the case number and docket number where the legal issues previously have been raised.

3. Submit the proposed new pleading to be filed in the *pro se* action.

The motion requesting leave to file a *pro se* action and the proposed new pleading shall be submitted to the Clerk of the Court, who shall forward them to the judicial officer designated by the Chief Judge pursuant to D.C.COLO.CivR 8.1C. for review. If the motion requesting leave to file a *pro se* action is denied, the matter will be dismissed. If the motion requesting leave to file a *pro se* action is granted, the case will proceed in accordance with the Federal Rules of Civil Procedure and the Local Rules of Practice of the United States District Court for the District of Colorado-Civil.

Accordingly, it is

ORDERED that the amended complaint, its amendments, and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, John Moore, to file an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8. It is

FURTHER ORDERED that Mr. Moore is prohibited from filing new actions in the United States District Court for the District of Colorado without the representation of a licensed attorney admitted to practice in the United States District Court for the District of Colorado unless he obtains the Court's permission to proceed *pro se* as discussed in this order. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this __22nd__ day of __July__, 2010.

BY THE COURT:

_Christine M Arguello_

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01342-BNB

John Moore
140 SE Frontier Ct.
Cedaredge, CO 81413

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/23/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk